## COLSON *vs.* BONZEY.

The register or enrolment of a vessel at the custom house is not conclusive evidence of ownership.

Hence the mortgagee of a ship, not in possession, though he appears in the ship's papers as the sole owner, is not liable for supplies directed by the master.

THIS was action for supplies furnished to the defendant's vessel by order of the master ; and came up by exceptions to a nonsuit ordered *pro forma* by *Smith J.* by consent of parties in the court below.

It appeared that in 1825 the vessel was conveyed to the defendant in mortgage, by *Alexander Staples* ; the conveyance being apparently absolute, and a separate bond of defeazance being executed at the same time. She continued, however, in the employment and under the control of the mortgagor, and of his brother *Joshua Staples*, who was master and afterwards owner, till *August* 1828, when she was condemned and sold for a violation of the revenue laws. In 1827, when she was under a fishing license, the bounty was received by the defendant. The supplies were furnished in *April* 1828, to *Joshua Staples* the master ; who testified that he then considered himself the sole owner, the defendant having previously, on the renewal and substitution of his notes for those of *Alexander*, offered to discharge his lien on the vessel ; and that he then informed the plaintiff that he was the sole owner, and paid him in part for the supplies ; and that he still expected and intended to pay him the residue. The defendant had not received any of her earnings, except the bounty in 1827 ; nor had he claimed any interest in her, after he gave up the notes of *Alexander* in exchange for those of *Joshua Staples.*

*Mitchell*, for the plaintiff, relied on the register as incontrovertible evidence of property ; *Marsh v. Robinson,* 4 *Esp.* 98 ; and cited *Westerdell v. Dale,* 7 *D. & E.* 306, to show that a mortgagee, out of possession, was liable for repairs.

*Allen*, for the defendants, cited *Hussey v. Allen,* 6 *Mass.* 164 ; *James v. Bixby & al.* 11 *Mass.* 34 ; *Reynolds v. Toppan,* 15 *Mass.*

Colson v. Bouzey.

370; *Dame v. Hadlock,* 4 *Pick.* 458; *Perry v. Osborn,* 5 *Pick.* 422; *Frazer v. Marsh,* 13 *East* 238; *Cutler v. Winsor,* 6 *Pick.* 335; *Briggs v. Wilkinson,* 7 *Barnw. & Cresw.* 30; *Champlin v. Butler,* 18 *Johns.* 169.

WESTON J. delivered the opinion of the Court, at the ensuing *July* term in *Waldo.*

Ship owners are answerable for repairs done, or supplies furnished for their ships, by order of the master; he being their agent; and they receiving the benefit of such repairs or supplies. The defendant was the registered owner of the vessel, when the supplies in question were furnished. It appears however from the deposition of *Joshua Staples,* that at that time, the defendant held the vessel, as security for money due him from the said *Joshua,* and from *Alexander Staples.* They had a bond from the defendant for a bill of sale, whenever they paid the money, for which the vessel was pledged. Prior to these supplies, *Alexander* had relinquished all his interest to his brother *Joshua.* It further appears that the defendant never had the possession, management or direction of this vessel; but at the time of the supplies, she was under the exclusive control of *Joshua Staples.* From these facts it is manifest, that the defendant was a mortgagee of the vessel, not in possession.

In *Jackson v. Vernon,* 1 *H. Bl.* 114, it was expressly decided, that a mortgagee of a ship not in possession, is not liable for supplies furnished to such ship. The master is not his agent. He does not appoint him; nor does he receive the freight or earnings of the ship. This principle is fully supported by the cases cited for the defendant. The cases of *Westerdell v. Dale,* and of *Marsh v. Robinson,* cited for the plaintiff, turned upon the provisions of the English registry acts, wherein transfers of ships, or of any interest therein, are declared void; unless certain formalities prescribed are pursued. There is no corresponding provision in the act of Congress, concerning the registering and recording of ships or vessels. If the course required by our statute is not pursued, the transfer is not thereupon void; but the vessel loses the character and privileg-

es of an American bottom. Hence, in this country, the register is not conclusive proof of ownership, and other evidence is admissible. In later cases even in England, it has been held that notwithstanding the registry acts, which were passed for the security of the revenue, and to prevent foreign ship owners from enjoying the privileges of British subjects, the legal owner, or he who appears by the register to be such, is not liable for supplies directed by the master, if it appears that the latter was not his agent, nor the supplies furnished for his benefit. *Young v. Brander*, 8 *East*, 10 ; *Frazer v. Marsh*, 13 *East*, 238 ; *McIver v. Humble*, 16 *East*, 169 ; *Briggs v. Wilkin*-7 *Barn & Cresw.* 30.

There is another point taken in the defence. From the deposition of *Joshua Staples*, it appears that the supplies were furnished exclusively upon his credit, and upon his special promise. This excludes the implied liability of the owner. But the case does not require the aid of this principle, the defence being sufficiently maintained upon the other ground. The exceptions are overruled, and the nonsuit confirmed.

See *Tucker v. Buffinton*, 15 *Mass.* 477.